IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BANKUNITED, N.A., | : | Case No. 1:25-cv-190 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RUSTY W. GARRETSON, et al., | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(Doc. 16)**

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Rusty W. Garretson Only (Doc. 16). Defendant Garretson failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 16) is **GRANTED**.

**FACTS**

On August 25, 2017, Defendant Rusty Garretson received a loan in the amount of $69,905.00 for a property in Butler County, Ohio, (the "Subject Property") from Carrington Mortgage Services, LLC, who eventually sold the loan to Plaintiff BankUnited, N.A. (Gordon Decl., Doc. 16-1, ¶¶ 3, 6.) A fire loss at the Subject Property left it in a "blighted condition that was never repaired." (*Id.* at ¶ 8.) Following the loss, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") delivered a

1

check in the amount of $82,000.00 to Garretson, who refused to sign over the check to Plaintiff and who has since abandoned the property rather than repair it. (*Id.* at ¶¶ 9-10.) Additionally, Garretson has not made payments on the loan in several years. (*Id.* at ¶ 12.) To date, the amount due to pay off the loan in full is $100,624.33. (*Id.* at ¶ 13.)

A court in Butler County, Ohio, ordered the demolition of the property, as it was deemed a public nuisance. (*Id.* at ¶ 8.) The court order states that, due to the demolition, the mortgage holder, Plaintiff, will no longer have collateral to secure the mortgage loan. (Court Order, Doc. 16-1, Pg. ID 175.) Plaintiff contends that, without collateral, it loses the ability to foreclose and the only way to recoup the loss is to receive the full balance owed by Garretson. (Motion for Default Judgment, Doc. 16, Pg. ID 142.)

## PROCEDURAL POSTURE

Plaintiff brought the present action against Defendants on March 26, 2025. (Compl., Doc. 1.) In the Complaint, Plaintiff brings claims of: (I) breach of mortgage against Garretson; (II) Enforcement of August 25, 2017, Promissory Note against Garretson; (III) Conversion against Garretson; and (IV) bad faith breach of an insurance policy against Allstate. (*Id.*) Garretson was served in accordance with Federal Rule of Civil Procedure 4(e)(2)(B), and his answer was due May 1, 2025. (Summons Returned Executed, Doc. 8.) Garretson failed to answer or otherwise plead in response to the Complaint. The Clerk entered a default against Garretson on May 8, 2025. (Clerk's Entry of Default, Doc. 10.) Plaintiff now moves for default judgment against Garretson as to Counts I and II of the Complaint, and requests that the judgment against Garretson be certified as final, in accordance with Federal Rule of Civil Procedure 54(b). Plaintiff seeks

2

contractual remedies against Garretson; specifically, because the Subject Property will be destroyed and Plaintiff thus cannot foreclose, Plaintiff seeks the full balance owed under the promissory note. (Motion, Doc. 16, Pg. ID 142.) Plaintiff also notes that it will file a notice of voluntary dismissal as to Count III (conversion), so the Court need not address this count. (*Id.*) Further, Plaintiff states that it will seek attorney's fees through a separate motion after the entry of a final default judgment. (*Id.*)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

When deciding whether to grant a motion for a default judgment, the Court must satisfy itself that the facts in the complaint state a claim for relief against the defendant. *See Kuhlman v. McDonnel*, No. 1:20-CV-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*,

331 F. App'x 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-CV-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

Garretson was properly served but failed to answer the Complaint. Per Federal Rule of Civil Procedure 55, Plaintiff sought and received an entry of default from the Clerk as to Garretson. Further, the facts of the Complaint state a claim for relief against Garretson, namely for breach of mortgage and enforcement of the August 25, 2017, promissory note. For these reasons, default judgment is proper against Garretson.

But, as noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotations omitted). However, while "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 U.S. Dist. LEXIS 129260, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted).

In its Motion for Default Judgment, Plaintiff attached the sworn declaration of Clayton Gordon, the Director of Default Mediations and Litigation for Carrington

4

Mortgage Services, LLC, who attested to both the status of the mortgage and Garretson's refusal to sign over the insurance check. (Gordon, Decl., Doc. 16-1, Pg. ID 147-50.) Plaintiff also attached the promissory note of the mortgage, the mortgage document, the assignment of the mortgage to Plaintiff, a state court order directing the demolition of Garretson's abandoned Subject Property, and a copy of the insurance check from Allstate. (Doc. 16-1, Pg. ID 151-81.) As the court order notes, the demolition of the Subject Property will destroy any remaining collateral Plaintiff had to secure the mortgage, rendering foreclosure an unavailable remedy. (*See* Court Order, Doc. 16-1, Pg. ID 147.) The only way to make Plaintiff whole for breach of the mortgage is the full repayment of the balance of the loan. As there is sufficient evidence provided by Plaintiff to determine damages, including the mortgage and promissory note documents and Gordon's sworn declaration, an evidentiary hearing on the matter is unnecessary. The Court can reasonably ascertain the damages. Based on the submitted documentation, Plaintiff is entitled to an award of $100,624.33. This judgment against Garretson shall be final, in accordance with Federal Rule of Civil Procedure 54(b), as there is no just reason for delay.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment is **GRANTED**;

2. Default Judgment is **ENTERED** in favor of Plaintiff against Defendant Rusty Garretson; and

3. The Clerk of Courts is **DIRECTED** to enter a final judgment of default against Defendant Rusty Garretson in the amount of $100,624.33.

IT IS SO ORDERED.

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF OHIO
>
> By: */s/ Matthew W. McFarland*
> JUDGE MATTHEW W. McFARLAND