IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BANKUNITED, N.A., | : | Case No. 1:25-cv-190 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| RUSTY GARRETSON, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Doc. 22)**

---

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees Against Defendant Rusty Garretson (Doc. 22). As no response in opposition has been filed, and the time to do so has passed, the Motion is ripe for review. For the reasons stated below, Plaintiff's Motion for Attorneys' Fees (Doc. 22) is **GRANTED**.

## FACTS

Plaintiff BankUnited, N.A., holds Defendant Rusty Garretson's mortgage loan on his property, the Subject Property. (Gordon Decl., Doc. 16-1, ¶¶ 3, 6.) A fire loss rendered the Subject Property in a "blighted condition that was never repaired." (*Id.* at ¶ 8.) Defendant Allstate Vehicle and Property Insurance Company ("Allstate") delivered a check to Garretson in the amount of $82,000.00, but Garretson did not turn the check over to Plaintiff, nor has he repaired the property. (*Id.* at ¶¶ 9-10.) And, Garretson has not made payments on the loan in several years. (*Id.* at ¶ 12.) A Butler County, Ohio, court deemed the Subject Property a public nuisance and ordered its demolition, noting that

1

the demolition will cause Plaintiff to lose its collateral for the mortgage loan. (*Id.* at ¶ 8; Court Order, Doc. 16-1, Pg. ID 275.)

## PROCEDURAL POSTURE

Plaintiff brought the present action against Defendants on March 26, 2025. (Compl., Doc. 1.) In the Complaint, Plaintiff brings claims of: (I) breach of mortgage against Garretson; (II) Enforcement of August 25, 2017, Promissory Note against Garretson; (III) Conversion against Garretson; and (IV) bad faith breach of an insurance policy against Allstate. (*Id.*) Garretson was served in accordance with Federal Rule of Civil Procedure 4(e)(2)(B), and his answer was due May 1, 2025. (Summons Returned Executed, Doc. 8.) Garretson failed to answer or otherwise plead in response to the Complaint. The Clerk entered a default against Garretson on May 8, 2025. (Clerk's Entry of Default, Doc. 10.) Plaintiff then moved for default judgment against Garretson (*see* Doc. 16), and the Court granted Plaintiff's Motion for Default Judgment against Garretson on October 9, 2025, awarding Plaintiff a judgment in the amount of $100,624.33. (Order, Doc. 19.) Plaintiff then filed its Motion for Attorneys' Fees Against Defendant Rusty Garretson (Doc. 22), which is ripe for review.

## LAW & ANALYSIS

Plaintiff's attorney, David Hart, filed a declaration outlining the breakdown of hours and rates for the legal work performed on Plaintiff's case through November 7, 2025. (Hart Decl., Doc. 22, Pg. ID 223-26.) Plaintiff's total attorneys' fees accrued by that date were $12,290.00 for forty hours of legal work. (*Id.* at ¶¶ 7, 17.)

Plaintiff seeks an award of attorneys' fees against Garretson, as authorized by the

terms of the promissory note ("Note") Garretson signed as part of his mortgage. (Motion for Attorneys' Fees, Doc. 22, Pg. ID 214; *see also* Promissory Note, Doc. 16-1, Pg. ID 152-53.) The Note explicitly states that "the Note Holder will have the right to be paid back by [Garretson] for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees." (Motion for Attorneys' Fees, Doc. 22, Pg. ID 247; Promissory Note, Doc. 16-1, Pg. ID 152-53.) Additionally, Plaintiff points out that Ohio courts follow the American rule for attorneys' fees, finding such fees generally not recoverable in contract actions "unless (1) a statute creates the duty to pay fees, (2) the losing party acted in bad faith, or (3) the parties contract to shift fees." (*Id.* at Pg. ID 215 (quoting *The Scotts Co. v. Cent. Garden & Pet Co.*, 256 F. Supp.2d 734, 747-48 (S.D. Ohio 2003)).) The Court agrees that the Note's fee-shifting provision applies here. The only question that remains before the Court, therefore, is whether Plaintiff's requested amount of attorneys' fees is reasonable.

Courts use the lodestar method to determine an award of reasonable attorneys' fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *6 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorneys' fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle*, 515 F.3d at 553. "[T]he district court is required to

3

give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

### i. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Plaintiff notes that it was charged a flat rate of $295.00/hour for Shareholder work in January 2025, but the rate increased to $315.00/hour in February 2025 for all Shareholder and Counsel work, "regardless of the particular billing attorney's level of experience." (Motion, Doc. 22, Pg. ID 217; Invoice, Exhibit 1, Doc. 22, Pg. ID 229-42.) This flat rate for Plaintiff is a discounted rate due to Plaintiff's longstanding relationship with its counsel. (*Id.; see also* Hart Decl., Doc. 22, ¶¶ 8-9.) Plaintiff justifies these two hourly rates by pointing out that they fall within or only slightly above the mean and median hourly rates published by the State Bar of Ohio in its 2024 The Economics of Law Practice Report (the "2024 Report"). (*Id.* at Pg. ID 218; *see also* 2024 Report, Ex. 2, Doc. 22, Pg. ID 41.) Indeed, Hart states that the attorneys who worked on this case had between 11 and

34 years of experience. (*Id.* at Pg. ID 218; Hart Decl., Doc. 22, ¶¶ 12-15.) And, the 2024 Report, which analyzes data from 2023, lists that the median hourly rate for private practitioners with 11-15 years of experience is $300; the hourly rate for 16-25 years of experience is $303; and the hourly rate for 26-35 years of experience is $278. Considering this data, the Court finds Plaintiff's argument persuasive, as other courts in this district have relied on the State Bar of Ohio's The Economics of Law Practice reports to determine reasonableness of hourly rates. *See, e.g., Swickheimer v. Best Courier, Inc.*, No. 2:19-CV-3706, 2021 WL 6033682, at *3 (S.D. Ohio Dec. 21, 2021). Moreover, courts in this district have found similar hourly rates to be reasonable. *See, e.g. Miller v. Experian Information Solutions Inc.*, No. 3:13-CV-090, 2015 WL 1637607 (S.D. Ohio Apr. 13, 2015) (finding $350.00 to be a reasonable hourly rate). Accordingly, the Court finds Plaintiff's counsel's hourly rates on the Invoice to be reasonable.

### ii.    Reasonable Number of Hours

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)).

Plaintiff's counsel maintains that the attorneys who performed work on this case billed 40 hours by the date of the Invoice. (*See* Hart Decl., Doc. 22, ¶ 7.) To demonstrate how these hours were allocated, counsel submitted an itemized invoice of the hours billed. (Invoice, Ex. 1, Doc. 22, Pg. ID 228-69.) The invoice details actions performed by

5

counsel at the firm. (*Id.*) A reasonable attorney would believe that these hours needed to be reasonably expended in pursuit of default judgment. *See Miller,* 2015 WL 1637607, at *2 (finding 65 hours reasonable for two attorneys to seek default judgment against a party). Additionally, the documentation provided in support of the hours expended is detailed enough to support the conclusion that these hours were actually and reasonably expended. (*See* Invoice, Ex. 1, Doc. 22, Pg. ID 228-69; *Inwalle,* 515 F.3d at 553.) Accordingly, the hours expended by Plaintiff's counsel as listed on the Invoice are reasonable.

### iii.    The Lodestar Amount

The lodestar method results in a finding that the rates sought by Plaintiffs' counsel and hours expended, as shown on the Invoice, are reasonable. The total number of hours worked multiplied by the respective rates of $295 and $315 equals a total of $12,290.00.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees Against Rusty Garretson (Doc. 22) and awards Plaintiff attorneys' fees in the amount of $12,290.00, in addition to the previous judgment (Doc. 19) against Defendant Rusty Garretson in the amount of $100,624.33, for a total judgment of $112,914.33.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

6